IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

DEBRA L. TRUSLEY                                                                              PLAINTIFF

vs.                                           Civil No. 4:08-cv-04020

MICHAEL J. ASTRUE                                                                          DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pending now before this Court is Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act ("EAJA"). (Doc. No. 12).[1] Defendant has responded to this application and has objected to it. (Doc. No. 14). This matter is ready for decision.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Harry F. Barnes referred this motion to the Honorable Barry A. Bryant for the purpose of making a report and recommendation. This Court, having reviewed this application and response, recommends that this application for attorney's fees be **GRANTED IN PART** and **DENIED IN PART**.

**1. Background:**

On March 4, 2008, Debra L. Trusley ("Plaintiff") appealed to this Court from the Secretary of the Social Security Administration's ("SSA") denial of her request for Supplemental Security Income ("SSI"). (Doc. No. 1). On March 24, 2009, the Honorable Harry F. Barnes reversed and remanded Plaintiff's case to the ALJ pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 11). On June 4, 2009, Plaintiff applied for an award of fees under the EAJA. (Doc. No. 12). Plaintiff has requested a total award of $5,380.88, representing 27.35 attorney hours at an hourly rate of $172.50

---

[1] The docket numbers for this case are referenced by the designation "Doc. No."

during 2008 and 3.90 attorney hours at an hourly rate of $170.00 during 2009. *See id.* Defendant responded to this application on June 12, 2009 and objects to the number of hours requested. (Doc. No. 14).

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Secretary's position in denying benefits was substantially justified. The Secretary has the burden of proving that the denial of benefits was substantially justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden of proving that its position in the administrative and judicial proceedings below was substantially justified"). An EAJA application also must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past-due benefits."

2

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index (CPI). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. (Doc. No. 11). Defendant does not contest Plaintiff's claim that she is the prevailing party, does not oppose this application for fees under the EAJA, and does not object to the hourly rate requested. (Doc. No. 14). The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests an award under the EAJA at a rate of $172.50 per hour for the 27.35 hours of work which Plaintiff's attorney asserts were devoted to the representation of Plaintiff in this Court during 2008 and at a rate of $170.00 per hour for the 3.90 hours of work which Plaintiff's attorney asserts were devoted to the representation of Plaintiff in this Court during 2009. (Doc. No. 12). An enhanced hourly rate is authorized by the EAJA if a CPI is attached. *See Johnson,* 919 F.2d at 504. Plaintiff has attached a CPI to her application for fees, and this Court finds that $165.00 is an

appropriate hourly rate for the award of attorney's fees in this case for both 2008 and 2009.

Further, I have reviewed Plaintiff's attorney's itemization of time appended to this application. (Doc. No. 12). The Court notes that Defendant has objected to the number of hours for which Plaintiff seeks a fee award, and Defendant claims the number of hours requested is excessive. (Doc. No. 14). Defendant proposes that the number of hours requested be reduced "by not less than eight hours." *See id.* This Court finds the time asserted to be spent in the representation of Plaintiff before the district court is unreasonable. With this application, Plaintiff's attorney has requested a total of 24.40 hours for preparing the appeal brief. (Doc. No. 12). As requested by Defendant, this number is reduced by eight hours to 16.40 such that Plaintiff's total number of hours requested is reduced to 23.25. Thus, this Court finds that Plaintiff's attorney is entitled to compensation under the EAJA in the amount of $3,836.25, which is a total of 23.25 hours at a rate of $165.00 per hour.

**4. Conclusion:**

Based upon the forgoing, I recommend that **$3,836.25** be awarded pursuant to the EAJA, 28 U.S.C. § 2412. This total represents a fee of $165.00 per hour for 23.25 hours of work.

**The parties have ten (10) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See  Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

ENTERED this 19th day of June, 2008.

                                                 /s/   Barry A. Bryant
                                                 HON. BARRY A. BRYANT
                                                 U.S. MAGISTRATE JUDGE